IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANN J. KARIM              :
                          :
    v.                    : CIVIL ACTION NO. JFM-01-258
                          :
VELENA MILLER             :
STANLEY MILLER            :
            ..oOo..

**MEMORANDUM**

The plaintiff filed this *pro se* complaint against Velena and Stanley Miller, her former landlords,[1] alleging discrimination under the Fair Housing Act (FHA), 42 U.S.C. §§ 3604. Specifically, the complaint alleges that the defendants were aware of the plaintiff's handicap or disability (end-stage liver disease, supraventricular tachycardia and autoimmune disease) and were unwilling to make a reasonable accommodation before requiring her to vacate her apartment.

According to her statement of facts, Ms. Karim was asked to vacate her apartment on January 15, 1997. The plaintiff claims that this notice was issued in spite of her prior requests for an accommodation. She alleges that she immediately attempted to mediate the problem with a local "Community Action Center" but was unsuccessful due to the defendants' uncompromising position. Ms. Karim states that she was forced to vacate her apartment on or

---

[1] Plaintiff claims she entered into a lease agreement with the Millers in November 1995. (Compl. at 1.)

about February 28, 1997 and that she experienced stress and trauma, *i.e.* supraventricular tachycardia and a ruptured disc, as a result of receiving the notice to vacate and moving out of her apartment.

The plaintiff claims that on May 15, 1997, she filed a complaint with the United States Department of Housing and Urban Development, (HUD) who contracted the complaint out to the Maryland Commission on Human Relations (MCHR). According to the records the complaint was officially closed on February 2, 1999, after the MCHR entered a finding that there was no probable cause to bring charges. Ms. Karim filed this complaint on January 30, 2001.

The FHA makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter...." 42 U.S.C. § 3604(f)(1). Further, § 3604(f)(2) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--(A) that person...."

42 U.S.C. § 3613 provides for enforcement of the FHA by private persons. Under § 3613(a)(1)(A), an aggrieved person may commence a civil action in an appropriate United States district court of State court to obtain appropriate relief with respect to discriminatory housing practices not later than 2 years after the

occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into, whichever occurs last.[2]

This Court has concluded that the "continuing violation doctrine" of limitations applies to the FHA. *See Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F. Supp.2d 700, 709 (D.Md. 1999). Under the "continuing violation doctrine," the limitations period does not begin to run until the happening of the last asserted occurrence of discrimination. *See Havens Realty Corp.v. Coleman*, 455 U.S. 363, 381 (1982). The Miller's alleged discriminatory practices were limited to a finite period of time. There is no allegation that it somehow continued after Ms. Karim was evicted from the King Street premises in February 1997. Consequently, under a generous interpretation, in this case the 2 year statute of limitations under § 3613(a)(1)(A) began to run after the last asserted occurrence of discrimination, namely after Ms. Karim vacated the apartment leased to her by the Millers on or about February 28, 1997.

Under § 3613(a)(1)(B), the computation of the 2 year period shall not include any time during which an administrative

---

[2] Paragraph 14 of plaintiff's complaint reflects that she was aware of the two year limitations period established by § 3613. (Compl. at 6.) The only ground that she alleges for not filing this action in time is that she "had to figure out how to file [the action] herself" because lawyers with whom she apparently contacted "could not offer any feasible assistance." (*Id.*) On its face, this allegation is insufficient to make out a claim for equitable tolling.

proceeding was pending with respect to a complaint or charge based upon such discriminatory housing practice. Therefore, in this case the limitations period was tolled from May 15, 1997-- when Ms. Karim filed her complaint with HUD-- until February 2, 1999-- when her administrative case was closed by that agency.

The limitations period had run for 70 days before plaintiff filed her HUD complaint (on May 15, 1997), and ran for another 726 days between the time that HUD closed her claim (February 2, 1999) and the day plaintiff filed this action (January 30, 2001). Therefore, I find that the plaintiff has failed to file her complaint within the statutory 2 year period.

For these reasons, a separate Order shall be entered dismissing this complaint.

Feb 13, 2001
Date

J. Frederick Motz
United States District Judge